# E. F. Thompson, Defendant in Error, v. Alfred E. Holt, Plaintiff in Error.

## Gen. No. 18,077.

MUNICIPAL COURT OF CHICAGO, § 19*—*when judgment for portion of demand in dispute may be entered.* Where an affidavit of defense in the Municipal Court of Chicago is to a portion of plaintiff's demand and a judgment is entered for the portion admitted to be due, under rule 17 of the Municipal Court, which contains in substance the provisions of the amended section 55 of the Practice Act of 1907, J. & A. ¶ 8592, such judgment does not preclude entering a judgment for the portion of demand in dispute.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. COTTRELL, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed November 3, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

ALFRED E. HOLT, *pro se.*

No appearance for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

Plaintiff Thompson brought an action of contract of the fourth class in the Municipal Court against Alfred E. and Grace P. Holt and filed with his statement of claim an affidavit showing the nature of his demand and stating that the sum of $421.85 was due him from the defendants. The suit was dismissed as to Grace P. Holt and the other defendant filed an affidavit of defense in which he stated that he believed he had a good defense on the merits to $200.00 of the plaintiff's demand and that the nature of such defense was the amount due him from the plaintiff for legal services, etc., and that there was due to him from the plaintiff $200.00 for legal services rendered by him to the plaintiff, etc. The court entered judgment for the plaintiff for $221.85, and reserved for future determination and adjudication the matter of the balance of the plaintiff's demand claimed in his affidavit of claim, and ordered that the court retain jurisdiction of the cause and that the same proceed as to the portion of the plaintiff's demand in dispute.

Defendant's motion to strike the cause from the trial calendar was denied.

When the case was reached for trial the defendant objected to any further trial in the cause on the alleged ground that the cause had been disposed of by the judgment for $221.85. The defendant offered no evidence and the court directed a verdict for $211.65 and entered judgment thereon. This was the amount of the balance of $200.00 with interest thereon at five per cent. from August 5, 1910, the date of the first judgment, to September 28, 1911, the date of the second judgment.

Section 55 of the amended Practice Act of 1907 provides that:

"If the affidavit of defense is to only a portion of the plaintiff's demand, the plaintiff shall be entitled to a judgment for the balance of his demand and the suit shall thereafter proceed as to the portion of the plaintiff's demand in dispute as if the suit had been brought therefor; but in such case the court may make such order as to the costs of the suit as may be equitable." Laws of 1907, p. 456 (J. & A. ¶ 8592).

The language of the statute is plain and leaves no room for construction. Rule 17 of the Municipal Court contains in substance the provisions of amended section 55 of the Practice Act. This section as amended and rule 17 authorize a second judgment in a case where one has been rendered for the amount admitted to be due, although without such statute or rule the plaintiff's entire claim would have been merged in the first judgment.

We think the second judgment was proper and it is affirmed.

*Affirmed.*